**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**ROCK HILL DIVISION**

| | | |
|---|---|---|
| Epson America, Inc. | ) | Civil Action No.  0:17-cv-00129-CMC |
| | ) | |
| Plaintiff, | ) | VERIFIED COMPLAINT FOR: |
| | ) | |
| vs. | ) | 1)  False Advertising |
| | ) | |
| USA111, Inc. d/b/a iRULU | ) | 2)  Violation of SCUTPA - S.C. Code |
| | ) | § 39-5-10, *et seq.* |
| Defendant. | ) | |
| | ) | DEMAND FOR JURY TRIAL |

Plaintiff Epson America, Inc. ("Epson") by and through its undersigned counsel, complains of Defendant USA111, Inc. d/b/a iRULU's ("iRULU") conduct and alleges upon information and belief as follows:

## NATURE OF THIS ACTION

1.     This is an action for false advertising arising under the Lanham Act, 15 U.S.C. § 1051, *et seq.* as well as unfair business practices under South Carolina law.  iRULU's conduct has produced and, unless enjoined by this Court, will continue to produce a likelihood of consumer confusion and deception, to the irreparable injury of Epson.

## JURISDICTION AND VENUE

2.     This action arises under 15 U.S.C. § 1125(a).  This Court has jurisdiction over the subject matter of this Complaint pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b), as the primary claim arises under the Trademark Laws of the United States.

3.     This Court also has supplemental jurisdiction over the pendent state law claim pursuant to 28 U.S.C. § 1367(a).

4.     iRULU is subject to personal jurisdiction in this forum because it misrepresented the nature of products to residents of the state of South Carolina and this District; because iRULU has caused injury to Epson in the state of South Carolina and this District; because iRULU practices the unlawful conduct complained of herein, in part, within the state of South

Carolina and this District; because iRULU regularly conducts or solicits business within the state of South Carolina and this District; because iRULU regularly and systematically directs electronic activity into the state of South Carolina and this District with the manifest intent of engaging in business within the state of South Carolina and this District, including the sale and/or offer for sale of products to Internet users within the state of South Carolina and this District, and because upon information and belief, iRULU has entered into contracts with residents of the state of South Carolina and this District for the sale of items through various online retail platforms.

5.      Similarly, because iRULU's wrongful acts involved the offering for sale and sale of falsely advertised products that harm consumers and Epson, venue is proper in this judicial district under 28 U.S.C. § 1391.

## PARTIES

6.      Plaintiff Epson America, Inc. is a California corporation having its principal place of business in Long Beach, California.  It is a principal subsidiary of Seiko Epson Corporation, a Japanese corporation headquartered in Suwa, Nagano.  Epson is a leading manufacturer in the printer, professional imaging, projector, scanner, systems devices, and factory automation categories.  Epson has been a leading innovator in its field since it was founded in 1942.

7.      Defendant USA111, Inc., with an address at 5885 Green Pointe Drive, Suite B, Groveport, Ohio 43125, does business or has done business and sold products to customers nationwide and within the state of South Carolina through various online commerce sites including but not limited to, Amazon.com and irulu.com.

## FACTS GIVING RISE TO THIS ACTION

8.      This action seeks redress for iRULU's deliberate and unlawful misleading representations regarding the brightness of its projectors.  iRULU uses false claims regarding the brightness of its projectors in its product descriptions and advertising.

A.      **Portable Consumer Projectors**

9.      While traditionally associated with movie theaters, projectors have become an

increasingly common video display product for consumers used in home, business, and educational settings.

10.     Today, consumers use digital projectors in the same way as television or computer screens.  Digital projectors receive video signals from external devices, such as DVD players or computers, and "project" those signals onto a screen.

11.     Consumers can purchase projectors in a variety of sizes ranging from the size of a cell phone to larger, permanently-mounted projectors for home theaters.

12.     Within a particular projector category, such as portable consumer projectors, the quality and corresponding price of a specific projector is largely determined by its resolution and brightness.

13.     Projector brightness is typically measured and described in lumens.  The brighter the projector, the higher the lumen rating, and, all else being equal, the more it will likely cost.

14.     The lumen rating for a projector is one of the most important and immediately recognizable projector features for consumers, and one that necessarily impacts consumer choice.

**B.     <u>Epson Projectors</u>**

15.     Epson is recognized throughout the world and the United States as a leading projector manufacturer.

16.     As a market leader, Epson continues to set standards for image quality, performance, and innovation with its line of multimedia projectors.  Epson's commitment to delivering quality products is recognized by the industry through various product awards and industry recognition.

17.     Epson prides itself on achieving the highest customer satisfaction ratings, accomplished in large part by using the most precise testing equipment and procedures available to ensure accurate product descriptions and specifications.

18.     In addition, Epson's projector service and support is industry-leading.  Epson offers its projectors with a two-year standard limited warranty, including Epson's Road Service,

which provides a replacement projector with next day delivery and free shipping.

### C.    iRULU's False Advertising of Its Projectors

19.    iRULU is a direct competitor of Epson in the portable consumer projector market. iRULU sells and offers for sale projectors to consumers throughout the United States on various online commerce sites including Amazon.com and irulu.com.

20.    iRULU's top selling projector is the iRULU BL20 projector.

21.    iRULU advertises this projector as having a 2600 lumen rating.  As follows is a screenshot of the listing as it appears on Amazon:



22.    As shown above, Amazon has granted the iRULU BL20 projector an Amazon "Best Seller" tag based upon its sales.  Given this "Best Seller" rating, iRULU's BL20 projector gains favorable placement on organic Amazon searches for projectors.

23.    However, in Amazon's product feedback section for the BL20 projector, consumers voiced concern regarding iRULU's claims that this is a 2600 lumen projector.

24.    Many consumers wrote reviews calling iRULU's lumen claims wholly false and unsupported.  For example, customer feedback for the BL20 projector on Amazon.com contains the following comments:

- "This projector isn't close to the advertised 2600 lumens.  Freaking ridiculous claim.  Fine projector for the price but iRulu is pretending that this product is something that it's absolutely not.  This is much closer to 70 or 90 lumens than 2600."

- "Project[or] brightness is less than expected and image quality as well[.]  I bought an [A]cer about 5 to 6 years ago with less lumens (2200) [compared to advertised

4

2600 lumens] and quality that picture was much brighter and clearer - disappointed in this machine - I would love to send back - but lost the paper work [.] This should of been a lot better but was not good as a paper weight."

- "I do not understand the lumens on this product as 200 lumens is brighter than this product.  I know this because I purchased a ZTE Pro2 which has 200 lumens."

- "Lets see where to start.. how about the product description.  IRulu - name, ok. BL20 model.  Ok.  1080P - HAHA - WRONG. 3D - WOW - WRONG.  2600 LUMENS - SO SO SO WRONG."

25.     A sampling of negative customer feedback regarding iRULU's lumen claims for the BL20 is compiled and attached hereto as Exhibit 1.

26.     Epson hired an independent third party to test iRULU's claim that the BL20 had a 2600 lumen rating.

27.     Epson's testing revealed the actual brightness of the iRULU BL20 projector to be approximately 80 lumens, a measurement materially smaller than the 2600 lumens iRULU represents to consumers in its advertising and product description.

28.     According to this testing and the consumer feedback, iRULU is significantly misrepresenting the brightness of its projectors to consumers.

29.     Upon information and belief, iRULU's misrepresentations regarding its projector brightness specifications are not limited to any specific model; rather iRULU generally misrepresents the lumen outputs of its portable consumer projector offerings, specifically within the 800 to 2600 lumen range (the "Misrepresented Projectors").  A table and compilation of individual listings for the Misrepresented Projectors is attached hereto as Exhibit 2.

30.     Armed with this information, Epson sent iRULU a cease and desist letter demanding that iRULU discontinue its false advertising.

31.     iRULU responded by stating the following, "Before we launch [sic] this projector, our OEM factory provided us a professional and authoritative test report for brightness by a third

party testing company and the test result stated that the brightness of the projector is about 3800lumens [sic], not less than 2600 lumens.(Test [sic] report can be provided if needed)."

32.    Epson asked that the test results be provided as was offered by iRULU in its response to Epson's letter.

33.    iRULU failed to produce any test results, let alone any to substantiate its claims that its projectors actually emit 800 to 2600 lumens, as it represents to consumers.

34.    Purchasers of iRULU's BL20 and the Misrepresented Projectors are likely to be and have actually been, misled and deceived by iRULU's literally false product labeling, descriptions, and advertisements.  Consumers expect the represented brightness specifications to be accurate for iRULU projectors, as they base their purchasing decisions in large part on these representations.  In fact, consumers that purchase the BL20 and the Misrepresented Projectors receive projectors with drastically lower brightness outputs.

35.    iRULU's literally false and misleading product labeling, descriptions, and advertisements are damaging to Epson's reputation and goodwill and are also damaging to the consuming public.  These false and misleading representations are designed to entice consumers to purchase iRULU's products over Epson's products.

36.    Moreover, iRULU has improperly received the benefit of the Amazon "Best Seller" designation through its deceptive advertising of the BL20.  This "Best Seller" banner results in iRULU's projector receiving special promotion and visibility on Amazon.  As a result, Epson is irreparably harmed as Epson projectors do not receive the proper placement in organic search results for projector products.

37.    The natural, probable, and foreseeable result of iRULU's wrongful conduct has been to cause confusion, deception, and mistake in the portable consumer projector market as a whole, to deprive Epson of business and goodwill, to injure Epson's relationship with existing and prospective customers, and to divert sales of Epson projectors.

38.    Epson is informed and believes that iRULU's wrongful conduct has resulted in increased sales of the BL20 and Misrepresented Projectors while hindering the sales of Epson's

projectors and damaging Epson's goodwill. Epson has sustained and will continue to sustain irreparable damages as a result of iRULU's wrongful conduct, unless enjoined.

## COUNT I

### False Advertising - Lanham Act

39.     Epson hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

40.     iRULU has made and distributed, in interstate commerce and in this District, product listings and advertisements that contain literally false or misleading statements of fact regarding its products. These advertisements contain actual misstatements and/or misleading statements, including the brightness outputs of its projectors as measured in lumens.

41.     These literally false statements actually deceive, or have a tendency to deceive, a substantial segment of Epson's customers and potential customers. This deception is material in that it is likely to influence the purchasing decisions of Epson's customers.

42.     iRULU's false and misleading advertising statements injure both consumers and Epson.

43.     iRULU's false and misleading advertising statements violate Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

44.     iRULU, as described more fully above, has caused, and will continue to cause, immediate and irreparable injury to Epson for which there is no adequate remedy at law. As such, Epson is entitled to an injunction under 15 U.S.C. § 1116 restraining iRULU, its agents, employees, representatives, and all persons acting in concert with it, from engaging in further acts of false advertising, and ordering removal of all iRULU's false advertisements from the BL20 and the Misrepresented Products.

45.     Pursuant to 15 U.S.C. § 1117, Epson is entitled to recover from iRULU the damages sustained by Epson as a result of iRULU's acts in violation of Section 43 of the Lanham Act. Based on a comparison of Epson's projector sales prior to iRULU's entrance into the market and its sales today, Epson estimates that it has lost approximately $16 million in

projector sales, and will continue to lose more as long as iRULU's false advertising is not enjoined.

46.    Pursuant to 15 U.S.C. § 1117, Epson is also entitled to recover from iRULU the gains, profits, and advantages that it has obtained as a result of its unlawful acts.  Epson is presently unable to ascertain the full amount of the gains, profits, and advantages iRULU has obtained by reason of its unlawful acts.

47.    Pursuant to 15 U.S.C. § 1117, Epson is further entitled to recover the costs of this action.  Moreover, Epson is informed and believes that iRULU's conduct was undertaken willfully and with the intention of causing confusion, mistake, or deception, making this an exceptional case entitling Epson to recover additional damages and reasonable attorneys' fees.

## COUNT II

### Violation of SCUTPA - S.C. Code § 39-5-10, *et seq.*

48.    Epson hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

49.    As demonstrated by the facts alleged herein, iRULU intends and has intended to deceive and defraud the public into believing that the brightness outputs for iRULU projectors are exponentially higher than their actual outputs. This constitutes unfair and deceptive acts or practices in the conduct of trade or commerce in violation of S.C. Code Ann. § 39-5-10, *et seq.* (the South Carolina Unfair Trade Practices Act or "SCUTPA").

50.    iRULU's misconduct affects the public interest and is capable of repetition.

51.    iRULU's actions constitute willful and knowing violation of SCUTPA, and are undertaken with total disregard for the rights of Epson and the public interest.

52.    As a direct result of iRULU's unfair trade practices, Epson has been injured and damaged, and is entitled to recover treble damages, costs, and attorneys' fees.

WHEREFORE, Epson prays for judgment against iRULU as follows:

A.    For temporary, preliminary, and permanent injunctive relief prohibiting iRULU, its agents, or anyone working for, in concert with or on behalf of iRULU, from engaging in false

or misleading advertising with respect to its products including but not limited to BL20 and the Misrepresented Projectors, and/or violating Section 43 of the Lanham Act, 15 U.S.C. § 1125(a), which relief includes but is not limited to removal of all iRULU products from Amazon and other webpages until such a time as iRULU can substantiate its lumen claims and correct its false or misleading advertisements;

B.     For an order requiring iRULU to correct any erroneous impression consumers may have derived concerning the nature, characteristics, or qualities of the Misrepresented Projectors, including without limitation, the placement of corrective advertising and providing written notice to the public;

C.     That iRULU be adjudged to have violated 15 U.S.C. § 1125(a) by unfairly competing against Epson by using false, deceptive or misleading statements of fact that misrepresent the nature, quality, and characteristics of the Misrepresented Projectors;

D.     That iRULU be adjudged to have violated S.C. Code § 39-5-10, *et seq.* by engaging in false advertising;

E.     That Epson be awarded damages it has sustained in consequence of iRULU's conduct;

F.     That Epson be awarded iRULU's profits obtained by iRULU as a consequence of its conduct;

G.     That such damages and profits be trebled and awarded to Epson as a result of iRULU's willful, intentional, and deliberate acts in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a);

H.     That Epson recover its costs and reasonable attorneys' fees;

I.     That all of iRULU's misleading and deceptive materials and products be destroyed as allowed under 15 U.S.C. § 1118;

J.     That Epson be granted prejudgment and post judgment interest; and

K.     That Epson be awarded such further relief as the Court deems just and proper.

## JURY TRIAL CLAIM

Epson claims a trial by jury on all issues so triable.

Charleston, South Carolina
Dated:  January 17, 2017

/s/ *Jeffrey S. Patterson*
Jeffrey S. Patterson
Federal ID# 9414
E-Mail:  jeff.patterson@klgates.com
Christopher A. Jaros
Federal ID# 12094
E-Mail: christopher.jaros@klgates.com
K&L GATES LLP
134 Meeting Street, Suite 500
Charleston, SC 29401
Telephone: 843.579.5600
Facsimile: 843.579.5601

Morgan T. Nickerson
E-Mail:  morgan.nickerson@klgates.com
K&L GATES LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111
Telephone:  617.261.3100
Facsimile:  617.261.3175

*To Be Admitted Pro Hac Vice*

ATTORNEYS FOR PLAINTIFF EPSON
AMERICA, INC.