# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | |
|---|---|
| Epson America, Inc.<br><br>    Plaintiff,<br><br>v.<br><br>USA111, Inc. d/b/a iRULU,<br><br>    Defendant. | Case No. 17-cv-00129-CMC<br><br>**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** |

  Defendant USA111, Inc. d/b/a iRULU ("iRULU"), by and through its counsel, hereby files its response in opposition to the Motion and memorandum of law in support thereof for Preliminary Injunction ("Motion") (ECF Nos. 9, 9-1) filed by Plaintiff Epson America, Inc. ("Epson"). In Plaintiff's filings with this Court, Plaintiff improperly depicts iRULU as a nefarious behemoth that has unscrupulously captured the American consumer market for home projectors by storm through the "false" representation that the brightness rating of one of iRULU's products is not what it purports to be. In addition to seeking damages, disgorgement of profits, and extraordinary relief under the Lanham Act, 15 U.S.C. § 1051 et seq., and the South Carolina Unfair Trade Practice Act ("SCUTPA"), S.C. Code Ann. § 39-5-10 et seq., (Ver. Compl., ECF No. 1, at 9), Epson asks this Court to issue a preliminary injunction. *See* ECF No. 9.

  This Court should deny Epson's Motion. The requested relief is essentially moot, because iRULU has voluntarily ceased the primary thing that Epson wants enjoined: iRULU has removed the "2600 lumens" designation from each of its online sales platforms, such that iRULU's BL-20 projector ("BL-20"), the subject of Epson's Verified Complaint, is no longer represented to be of that brightness capability. Additionally, even if iRULU had not taken this conciliatory action,

Epson is still not entitled to a preliminary injunction because Epson has not demonstrated the requisite elements to warrant such relief.

## I.     INTRODUCTION

As alleged in the Verified Complaint, Epson is a leading manufacturer in the printer, professional imaging, projector, scanner, systems devices, and factory automation categories. *See* ECF No. 1 ¶ 6. Epson identifies itself as a "market leader" in the area of multimedia projectors, with a commitment to quality, performance, innovation, and high customer satisfaction. Id. ¶ 16.

By contrast, iRULU is a relative upstart in the multimedia projector market. Jianwen Li, at the time a recent MBA graduate of The Ohio State University, founded iRULU in 2005 as a retail business devoted to the sales of technology products, including smartphones, tablets, and other devices. *See* Decl. of Jianwen Li, ¶ 3, attached hereto as Exhibit 1. iRULU, whose United States operations are based in Groveport, Ohio, imports technology products from China for resale in the United States, including projectors for household use. Id. ¶ 4. iRULU's sales are handled exclusively through internet commerce, on websites like Amazon.com, eBay.com, Newegg.com, Walmart.com, and irulu.com. Id. While Epson alleges in this lawsuit that iRULU is its competitor in the portable consumer projector market, iRULU and Epson products are not on equal footing in the marketplace. Id. at ¶ 19. Epson has superior brand name recognition and its products can be found in traditional brick-and-mortar stores and online, while iRULU's sales are exclusively online. Id.

### A.     The iRULU BL-20 Projector

The allegations in Epson's Verified Complaint focus on a certain projector model sold by iRULU, called the BL-20. iRULU does not manufacture the BL-20. Id. ¶ 6. A Chinese company, Oley Company Limited ("Oley"), manufactures the BL-20 projectors and allows iRULU to sell

the projectors under the iRULU brand name. Id. iRULU is one of multiple distributors that sells the BL-20 in the United States; other distributors also sell the BL-20 in the United States under other brand names. Id. ¶ 7. iRULU does not sell projectors under any brand name other than iRULU. Id. ¶ 8.

Epson alleges that iRULU has falsely advertised the BL-20 as having a light output of 2600 lumens when, in fact, the BL-20's actual light output is "materially smaller" than that according to Epson's independent testing. ECF No. 1 ¶¶ 26-28; Pl.'s Memo. In Support of Prelim. Inj., ECF No. 9-1, at 4. For its part, iRULU admits that it has, in the past, listed the BL-20 on its online sales platforms as having a 2600 lumen light output. Answer, ECF No. 19, ¶ 21.

However, as set forth in the two independent test reports (collectively "Test Reports") provided to iRULU by Oley, iRULU had a factual basis for this representation.  As reported by Chinese testing laboratory Shenzhen Anbotek Compliance Laboratory Limited, testing performed in August of 2016 revealed the measurement of the BL-20's luminous flux (quantity of light omitted) as 3714.568 lumens. Li Decl. ¶¶ 9-10 & Ex. A, attached hereto as Exhibits 1 & 1A, respectively. Testing performed during the same time by Gold Medal Analytical & Testing Group, located in Zengcheng, Guangzhou City, China, showed the BL-20 as having a luminous flux of 3869.0 lumens. Id. ¶¶ 11-12 & Ex. B, attached hereto as Exhibits 1 & 1B, respectively. Just as with other products it sells, iRULU relied on the information it received from the manufacturer in creating the online listings for the BL-20 sold under the iRULU brand name. Based on the Test Reports iRULU received from Oley, iRULU had a factual basis for representing in its online listings that the BL-20 was at least a "2600 lumens" projector. Id. ¶ 13.

**B.     iRULU has changed its listings of the projector.**

Despite the Test Reports, iRULU has, since the filing of Epson's Verified Complaint, undertaken efforts to remove from iRULU's online listings any reference to the BL-20 being a "2600 lumens" projector. Li Decl. ¶ 16.  At iRULU's request, Amazon has deleted the "2600 lumens" representation from the BL-20 listings on Amazon.com; accordingly, the current listings of the product on Amazon.com do not show the same "2600 lumens" designation as the listings shown in Epson's Verified Complaint.  *Compare* Id. ¶ 17 & Ex. C, attached hereto as Exhibits 1 & 1C, respectively, *with* ECF No. 1 ¶ 21.   iRULU has also revised the description of the BL-20 on all other sales channels, namely, eBay.com, Newegg.com, Walmart.com, and irulu.com.  Id.  ¶ 16 & Ex. C.[1]

In another allegation, Epson takes issue with the fact that the iRULU BL-20 projector was at one time listed on Amazon.com with a "Best Seller" tag.  ECF No. 1 ¶ 22.  Epson shows a copy of one such Amazon listing in the Verified Complaint in this action.  Id. at ¶ 21.  However, iRULU has not had the "Best Seller" tag on Amazon.com for the product since the Fall of 2016.  Li Decl. ¶ 18.

**C.     iRULU's sales of the BL-20.**

Epson contends in its Verified Complaint and Motion that iRULU's sales account for up to 24 percent of the market for projectors and that Epson has lost more than $16 million in projector sales since iRULU entered the projector market in November 2015.  *See* Aff. of Richard Miller, ECF No. 9-2, ¶¶ 16-18.  For its part, iRULU disputes Epson's contention, because iRULU does

---

[1] Epson alleges that it asked iRULU to provide the Test Reports showing substantiation for the 2600 lumen description for the BL-20. ECF 9-1 at 8.  iRULU President Jianwen Li has not seen this request and, despite thoroughly searching iRULU's email, has not yet located such a request. Li Decl. ¶ 14. In any event, Epson has, since been provided a copy of the Shenzhen Anbotek Compliance Laboratory Test Report. Id. ¶ 15.

not have the sales volume to validate Epson's claim. Li Decl. ¶ 20. iRULU President Jianwen Li researched the sales records of iRULU and has determined that since November 2015, iRULU has sold approximately 29,130 BL-20 projectors worldwide, for an estimated total gross revenue of just under $5 million. Id. ¶ 21. To iRULU's knowledge, these sales are not indicative of the market share that Epson alleges iRULU occupies.

## II.     ARGUMENT

Epson asks this Court for a preliminary injunction that would (1) order iRULU to cease and desist from "further false or misleading advertising," (2) "recall all iRULU products that contain unsubstantiated lumens ratings," and (3) order iRULU to send corrective notices to retailers and customers disclosing that it has made "literally false claims" regarding its product's lumen capacity. ECF 9 at 1.

A preliminary injunction is an extraordinary remedy and is not awarded as a matter of right. *Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). Rather, "[i]n each case, courts 'must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief.'" *Id.* (quoting *Amoco Production Co. v. Village of Gambell*, 480 U.S. 531, 542 (1987)). In exercising its discretion, the Court "should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982). "The grant of jurisdiction to ensure compliance with a statute hardly suggests an absolute duty to do so under any and all circumstances, and a federal judge sitting as chancellor is not mechanically obligated to grant an injunction for every violation of law." *Id.*

The parties do not dispute the requisite elements that a plaintiff must prove to obtain a preliminary injunction—(1) a likelihood that the plaintiff will succeed on the merits of the case,

(2) that plaintiff will suffer irreparable harm in the absence of a preliminary injunction, (3) that the balance of equities favor granting injunctive relief, and (4) that the injunction is in the public interest. *Winter*, 555 U.S. at 20. The disagreement between the parties is over whether Epson has met its burden of proving these elements, such that injunctive relief is appropriate. For the reasons set forth below, Epson has failed to make the requisite showing for such relief, and thus, its Motion must be denied.

### A.    Epson has not shown irreparable harm.

The irreparable harm of which Epson complains consists of customers being "misled" by the advertising of iRULU's BL-20 projector and the purported lost sales that Epson alleges to have suffered as a result of iRULU's "2600 lumens" claim. ECF No. 9-1 at 15-16. However, Epson's arguments for irreparable harm do not warrant injunctive relief, because Epson has failed to set forth a convincing case for actual harm.

#### 1.    iRULU has ceased the allegedly false advertising.

iRULU's actions since the filing of the Verified Complaint in this action have changed the landscape of any perceived "harm" to Epson. Though iRULU has not admitted liability in this action, it has removed the "2600 lumens" representation from all of its online listings of the BL-20 projector. Li Decl. ¶¶ 15-16. Specifically, Amazon.com has (at iRULU's request) deleted the "2600 lumens" representation from the listings on Amazon.com and iRULU has revised the BL-20 description to remove the "2600 lumens" representation on its other online sales channels, namely, eBay.com, Newegg.com, WalMart.com and irulu.com. Id. ¶ 15. Thus, iRULU has ceased the allegedly offending advertising activity that forms the very predicate for this action.

Defendant's ceasing of the complained of conduct – the allegedly false advertising – is a relevant consideration in determining whether Plaintiff can show irreparable harm for purposes of

preliminary injunctive relief. *Ferring Pharms., Inc. v. Watson Pharms., Inc.*, 765 F.3d 205, 219 (3d Cir. 2014).  Indeed, in *Ferring Pharms.*, the court affirmed the district court's denial of injunctive relief, noting that the district court did not err in considering and crediting the defendant's representations that the statements at issue had ceased.  *Id.* Similarly here, iRULU has taken the proactive step of removing the "2600 lumens" representation related to the BL-20 projector from all of its online sales platforms.

Despite the fact that iRULU has Test Reports received from the manufacturer that substantiate the "2600 lumens" representation made by iRULU in its previous online sales listings for the BL-20 projector, iRULU has (in response to this action) removed such representation from all of its listings. Li Decl. ¶ 16.  Amazon.com, at iRULU's request, has revised the listing on that website to delete any reference to the BL-20 being "2600 lumens." Id. & Ex C.  Similarly, iRULU has revised the description of the BL-20 on eBay.com, Newegg.com, Walmart.com, and irulu.com to delete references to the BL-20 being a "2600 lumens" projector. Id. ¶ 16.  Accordingly, iRULU has ceased the very conduct that is the gravamen of Epson's complaint in this case.

Even if Epson could have suffered irreparable harm from iRULU's "2600 lumens" claim (which iRULU disputes), the issue is moot.  Through its proactive conduct in response to Epson's Verified Complaint in this action, iRULU has removed the possibility of any such "harm" by ceasing the advertising conduct at issue.  Accordingly, preliminary injunctive relief is not warranted.  *See Black & Decker (U.S.) v. Pro-Tech Power*, 26 F. Supp. 2d 834, 863 (E.D. Va. 1998) (denying injunctive relief despite plaintiff proving that defendant's advertisement was "literally false" because defendant had stopped advertising the false fact at issue).

### 2.     **Epson has not made the requisite showing of irreparable harm.**

Epson has not made a compelling showing of irreparable harm to warrant injunctive relief. Epson contends that its sales have declined, estimates that it has lost $16 million in projector sales, and ultimately seeks not only its damages, but a disgorgement of iRULU's profits from the projectors that were represented to be 2600 lumens. ECF at 9; ECF No. 9-1 at 16.  These allegations of harm, however, do not describe "irreparable" harm in the legal sense.  Rather, Epson is describing harm that can be compensated in monetary damages in the event Epson proves its case at trial.

"[W]hen a party can be fully compensated for financial loss by a money judgment, there is simply no compelling reason why the extraordinary equitable remedy of a preliminary injunction should be granted." *Twentieth Century Fox Film Corp. v. Marvel Enters.*, 277 F.3d 253, 258 (2d Cir. 2002) (quoting *Borey v. Nat'l Union Fire Ins. Co.*, 934 F.2d 30, 34 (2d Cir.1991)).  And even in cases where a plaintiff alleges loss of market share due to a competitor's false advertising, "a preliminary injunction should not be granted if the injury suffered by the moving party can be recouped in monetary damages." *IDT Telecom, Inc. v. CVT Prepaid Solutions, Inc*., 250 F.App'x 476, 479 (3d Cir.2007); *see also Checker Cab of Phila. Inc. v. Uber Techs., Inc.,* 643 F.App'x 229 (3d Cir.2016) (denying preliminary injunction and finding lack of "irreparable harm" when the plaintiffs alleged ostensibly the loss of customers, an economic harm that could be adequately compensated in damages).  In this case, Epson has alleged harm that, if proven, can be recouped in monetary damages.  This is especially true when considering that iRULU has taken the step of removing its "2600 lumens" representation from all of its online sales outlets for the BL-20 projector.

Epson argues, however, that it has suffered "irreparable harm" because it has no means to prevent iRULU from "infecting the marketplace" with false statements. ECF No. 9-1 at 16. Epson also argues that the "false statements" create the possibility of "a permanent loss of customers," such that injunctive relief is warranted. Id. at 15. However, Epson's arguments are unconvincing.

As an initial matter, Epson's arguments are logically inconsistent. Epson's Verified Complaint and its Motion bring to the Court's attention a multitude of supposed negative reviews posted on Amazon.com by customers who were purportedly dissatisfied with the iRULU BL-20 projector, in particular its luminosity. On the one hand, Epson would have the Court believe that iRULU's product is so bad that it is evident to the ordinary consumer that the BL-20 falls short of the "2600 lumens" capability that was previously advertised. While arguing the blatant inferiority of iRULU's product, Epson simultaneously takes the logically inconsistent position that it will continue to lose customers and market share to iRULU. However, if Epson is actually able to prove that iRULU's representation of light output was false and that the false advertisement resulted in dissatisfied customers, it stands to reason that dissatisfied buyers of iRULU projectors will not buy iRULU again.

Putting aside Epson's inherently illogical argument, the cases upon which Epson relies for the proposition that it has proven "irreparable harm" do not actually support its position. For example, Epson relies on *PBM Prods., LLC v. Mead Johnson & Co.*, 639 F.3d 111, (4th Cir. 2011), for the proposition that "the irreparable harm element is satisfied and injunctive relief is proper when a plaintiff 'suffers from irreparable harm based primarily on the fact that [defendant's] advertising misled customers.'" ECF No. 9-1 at 15 (quoting *PBM Prods.*, 639 F.3d at 126) (internal citation omitted)). But a key component of *PBM Prods.* was that the case involved advertisements in which the defendant made false statements *about the plaintiff. See PBM Prods.*,

639 F.3d at 116 (involving "more than 1.5 million direct-to-consumer mailers that falsely claimed PBM's baby formula products were inferior to Mead Johnson's baby formula products"). Indeed, because the advertisements at issue in *PBM Prods.* made statements about the plaintiff, customers were misled in a way that "inflict[ed] substantial harm on a company's reputation and goodwill." *Id.* at 126. There is no such dynamic in this case because the advertisements at issue are solely about iRULU's product and do not implicate Epson projectors in any way. Notably, Epson does not explain how an advertisement that does not mention Epson products whatsoever can somehow do harm to Epson's reputation or goodwill.

Epson also cites to *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc.*, 43 F.3d 922, 939 (4th Cir. 1995), in support of its statement that Lanham Act claims involve injury to "reputation and goodwill," making it "almost impossible to prove the extent of harm." ECF No. 9-1 at 15. However, *Lone Star* is inapt here because it is not a false advertising case but rather a trademark infringement case in which the court noted that "regardless of any potential injury to sales or to the mark itself, trademark infringement primarily represents an injury to reputation." *Id.* at 939. As this case involves an allegedly false representation in advertising that deals solely with a description of iRULU's product and does *not* mention Epson, the cases cited by Epson in support of its "irreparable harm" argument are inapt and not persuasive.

Epson also alleges that iRULU's advertisement of its BL-20 projector as having a 2600 lumens capability misled customers and damaged Epson's sales and goodwill. ECF 9-1 at 15-16. But Epson does not make a persuasive showing of how the false advertisement at issue has a causal connection to the alleged harm. *See Black & Decker*, 26 F. Supp. 2d at 863 (denying relief when there was no causal connection between the false advertisements and the alleged harm). Though Epson claims $16 million in lost sales and that iRULU has captured 24 percent of the projector

market, ECF 9-1 at 16, there is scant evidence that these numbers—even if accurate—are attributable to competition from iRULU, much less to any alleged false advertising by iRULU. Indeed, iRULU estimates its sales of the BL-20 (the projector that Epson ties to the "false advertising" of 2600 lumen capacity) to be under $5 million since November 2015, Li Decl. ¶ 21, a figure that belies any claim by Epson of $16 million in lost sales or a 24 percent market share being captured by iRULU.

Though Epson alleges damages and harm, it fails to point to any evidence supporting its claims that this damage and harm are somehow attributable to iRULU. Moreover, even if Epson is able to establish such damage – which it cannot if for no other reason than the alleged harmful conduct has ceased – such harm can be rectified through monetary damages and does not warrant the imposition of preliminary injunctive relief.

### B. Epson has not shown a likelihood of success on the merits.

For liability to arise under the false advertising provisions of the Lanham Act, "the contested statement or representation must be either false on its face or, although literally true, likely to mislead and to confuse consumers given the merchandising context." *Scotts Co. v. United Indus. Corp.*, 315 F.3d 264, 272-273 (4th Cir. 2002); *see also C.B. Fleet Co. v. SmithKline Beecham Consumer Healthcare, L.P.*, 131 F.3d 430, 434 (4th Cir. 1997). In the case of an advertisement that is "literally false," a violation may be established without evidence of consumer deception. *Id.* at 273; *C.B. Fleet*, 131 F.3d at 434.

### 1. iRULU has Test Reports that substantiate the 2600 lumen listing for the BL-20 projector.

Epson's claim in this case focuses solely on iRULU's previous product listings showing that the BL-20 had a light output of 2600 lumens. "In analyzing whether an advertisement . . . is literally false, a court must determine, first, the unambiguous claims made by the advertisement .

. . and second, whether those claims are false." *Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharms. Co.*, 290 F.3d 578, 586 (3d Cir. 2002).

Epson argues that this case involves a "literally false" claim by iRULU that the BL-20 projector has a luminosity rating of 2600 lumens. ECF 9-1 at 18. Epson offers the declaration of a third-party analyst who states that his examination of one of iRULU's BL-20 projectors revealed that the product was not capable of a light output of 2600 lumens. ECF No. 9-3 ¶ 17. Because of this analyst's conclusion, Epson contends that it is likely to succeed on its claim that iRULU has made a "literally false" statement about the lumen capacity of its BL-20 projector. ECF No. 9-1 at 11.

The affidavit of Epson's analyst, however, is not the only evidence bearing on the issue. iRULU did not pull the representation of "2600 lumens" out of thin air. To the contrary, Oley, the manufacturer of the iRULU BL-20 projector, provided iRULU with the Test Reports, each of which reported the BL-20 had a luminous flux of more than 2600 lumens. Li Decl. ¶¶ 9-12 & Exs. A & B. Thus, at best, there is an evidentiary dispute with regard to the accuracy of the "2600 lumens" representation in iRULU's online listings of the BL-20 projector. With this difference of opinion, Epson cannot meet its burden of showing "literal falsity" for purposes of obtaining the extraordinary relief of a preliminary injunction. *See Scotts Co., LLC v. Pennington Seed, Inc.*, 3:12-CV-168, 2012 U.S. Dist. LEXIS 170573, at *15-16 (E.D. Va. Nov. 30, 2012) (stating that a preliminary injunction is not warranted, even though plaintiff has shown it is "slightly more likely" to prevail on the merits, when evidence indicated either party may prevail at trial).

### 2. Epson's evidence of consumer confusion is not competent evidence.

Because Epson makes a claim that iRULU's advertisements were "literally false," Epson argues that it is not required to demonstrate consumer deception. ECF No. 9-1 at 12. Nevertheless,

Epson says that consumer deception is evident in this case, citing to the negative reviews of iRULU's BL-20 projector that were posted on Amazon.com's website under the product listing. Id. The evidence cited by Epson is not only irrelevant (in light of Epson's reliance on "literal falsity" as the basis of its claim), but it is also not persuasive.

Consumer confusion is most often proven by consumer survey data. *Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc*., 299 F.3d 1242, 1247 (11th Cir. 2002). But even where full-blown consumer surveys are not used, the movant at the preliminary injunction stage (when evidence of deception is required) must present evidence of deception. *Id.* In this case, Epson does not offer consumer surveys to establish customer confusion. Instead, Epson relies on a few handpicked negative reviews of the BL-20 projector from purported customers, posted on Amazon.com. However, these reviews are not competent evidence of consumer confusion. First, such evidence is of minimal value because of the existence of at least an equal number (if not

more) of positive reviews expressing customer *satisfaction* with the BL-20 projector.[2] Additionally, Epson has not shown how the negative reviews posted on Amazon.com can be considered by this Court for any purpose, without establishing the reviews were posted by actual

---

[2]A recent search of the iRULU BL-20 product listing on Amazon.com showed that the majority of customer reviews for the BL-20 were positive. *See* https://www.amazon.com/iRulu-Video-Projector-Cinema-Display/product-reviews/B01EAB9A28/ref=cm_cr_arp_d_viewpnt_lft?ie=UTF8&filterByStar=positive&reviewerType=avp_only_reviews&pageNumber=1 (visited Mar. 1, 2017). A screen shot of the search is below:



customers who purchased the BL-20 because of the representation that it was a "2600 lumens" projector. In other words, there is an authentication gap in purporting to rely on anonymous reviews posted on the website.

### C.  The balance of equities does not favor a preliminary injunction.

The third preliminary injunction element involves this Court's balancing of the equities. In undertaking this balancing, the Court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Amoco Prod. Co.*, 480 U.S. at 542. If the plaintiff fails to show irreparable harm in the absence of a preliminary injunction, the plaintiff necessarily fails to show that the balance of equities will be in the plaintiff's favor. *See Z-Man Fishing Prods. v. Renoski*, 790 F. Supp. 2d 418, 434 (D.S.C. 2011) ("Here, the Court has found that Plaintiffs failed to show they will suffer irreparable harm in the absence of a preliminary injunction; therefore, the balance of equities does not favor Plaintiffs.").

As demonstrated above, Epson has failed to show irreparable harm. The harm that Epson complains of is addressable, if warranted, through monetary damages, and therefore, is not "irreparable" in terms of warranting injunctive relief. Accordingly, the balancing of the equities is not in Epson's favor and this element cuts against granting Epson the preliminary injunction it requests.

### D.  The public interest factor weighs against a preliminary injunction.

In arguing that the public interest weighs in favor of granting its requested preliminary injunction, Epson relies on the "strong public interest" in removing false advertising from the marketplace. ECF No. 9-1 at 18; *see PBM Prods.*, 639 F.3d at 127. But in this case, the public interest does not necessarily favor Epson's position. While Epson contends that iRULU's

advertising is "literally false" and has offered evidence it contends supports this postion, iRULU has also presented evidence that it had a factual basis for representing in its online sales postings that the BL-20 projector had a light output of 2600 lumens (namely, the Test Reports provided to iRULU by the manufacturer).  Li Decl. ¶¶ 10-14 & Exs. A & B.  Accordingly, Epson has not established its likelihood of success, thereby tilting the public interest away from granting an injunction.  *See Scotts Co. v. United Indus. Corp.*, 315 F.3d 264, 286 (4th Cir. 2002).

Also relevant to the public interest inquiry is iRULU's conduct since the inception of this action.  Despite having the Test Reports as evidence to support its previous representations of lumen output, iRULU took the proactive step of changing the listings on all of its online sales platforms so that the BL-20 listings no longer make the "2600 lumens" representation.  Li Decl. ¶ 16 & Ex. C.  Accordingly, the public interest would not be served by an injunction, because iRULU has already made good faith efforts to remove the representation at issue from the marketplace, even though it may very well be within its rights to use it.

## III.   CONCLUSION

For the reasons set forth above, Epson has not made the requisite showing of either irreparable harm or a likelihood of success on the merits to warrant preliminary injunctive relief.  The balance of equities and the public interest likewise cut against preliminary injunctive relief at this juncture.  Accordingly, Defendant iRULU respectfully requests that Epson's Motion be denied.

        Respectfully submitted,

By:   s/ *Margaret N. Fox*
      Clarence Davis, D.S.C. ID # 433
      James M. Griffin, D.S.C. ID # 1053
      Margaret N. Fox, D.S.C. ID # 10576
      GRIFFIN DAVIS
      1116 Blanding Street
      Columbia, SC 29201
      Phone: (803) 744-0800
      Fax:    (803) 744-0805
      cdavis@griffindavislaw.com
      jgriffin@griffindavislaw.com
      mfox@griffindavislaw.com

      Vladimir P. Belo
      (*Pro Hac Vice)*
      DINSMORE & SHOHL LLP
      191 W. Nationwide Blvd., Suite 300
      Columbus, OH 43215
      Phone: (614) 628-6880
      Fax:    (614) 628-6890
      vladimir.belo@dinsmore.com

      Attorneys for Defendant,
      USA 111, Inc. d/b/a iRULU

March 1, 2017
Columbia, South Carolina