**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION**

| | | |
|---|---|---|
| Epson America, Inc., | ) | Civil Action No. 0:17-cv-00129-CMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | **PLAINTIFF'S REPLY TO** |
| vs. | ) | **DEFENDANT'S OPPOSITION TO ITS** |
| | ) | **MOTION FOR A PRELIMINARY** |
| USA111, Inc. d/b/a iRULU, | ) | **INJUNCTION** |
| | ) | |
| Defendant. | ) | |

Plaintiff Epson America, Inc. ("Epson"), by and through its counsel, hereby files its Reply to the Response in Opposition to Its Motion and Memorandum of Law in Support Thereof for a Preliminary Injunction, filed by Defendant USA111, Inc. d/b/a iRULU ("iRULU"). (ECF No. 28) ("Opposition").

iRULU's Opposition relies heavily on its claim that it "has removed the '2600 lumens' representation from all of its online listings" including "Amazon.com . . . and irulu.com." Opp. at 6. In short, it argues that because it has removed the false lumen claims, Epson's request for injunctive relief is moot. However, iRULU's claim that it has removed all of its false statements is itself false. As shown herein, despite this representation to the Court, the webpages of both Amazon.com and irulu.com still contain iRULU's false lumen claims. *See* Exs. A, B. Whether this was a purposeful misrepresentation to the Court to avoid injunctive relief or simply an oversight on the part of iRULU is of little consequence. Either way, the misrepresentations remain and, as shown herein, affirmative injunctive relief is the only means to prevent ongoing customer confusion.

Furthermore, iRULU's Opposition is silent as to what it believes the correct lumen value should be on its products. Rather than replacing its false lumen claims with accurate, evidence-

1

based ratings, iRULU instead attempted to remove its projectors' lumen ratings entirely. As shown herein, iRULU's failure to provide a lumen rating in its online listings does not cure customer confusion - it exacerbates it. Because the false lumen rating was advertised for over a year, a customer searching for the lumen rating will search and find the lumen rating in other areas of the webpage such as the "Question & Answer" section, the "Compare To Similar Products" tables, and of course, the consumer reviews section. These sections all still list the lumen value as 2600. Therefore, because iRULU does not provide an affirmative lumen value, the only information as to the product's lumen rating available to the consumer remains the false 2600 lumen claim. As a result, iRULU has not remedied its misrepresentations to consumers, but rather, its attempted quick fix solution has expanded consumer confusion as to the projectors' true brightness. As explained in more detail below, the only means of remedying the consumer confusion caused by iRULU's false advertising is to grant a preliminary injunction that (1) orders iRULU to provide accurate lumen information, or (2) orders the removal of current listings so that customers are not continually confused by the 2600 lumen claim that remains in the consumer reviews, "Question & Answer" and "Compare to Similar Products" pages. Moreover, the Court should order appropriate corrective advertising to be issued by iRULU to minimize ongoing confusion caused by the false claims it has made for the past year.

Lastly, given the facts of this case, it is of little surprise that Epson has easily met each of the injunctive relief factors. As a result, and for the reasons explained in more detail below, Epson's motion for injunctive relief should be granted.

I. **EPSON'S REQUEST FOR A PRELIMINARY INJUNCTION IS NOT MOOT.**

    a. **iRULU Has Not Removed Its False Claims**

In its Opposition, iRULU suggests that a preliminary injunction should not enter because it "has removed the '2600 lumens' representation from all of its online listings of the BL-20 projector," specifically from "Amazon.com . . . eBay.com, Newegg.com, WalMart.com and irulu.com." Opp. at 6. iRULU argues that a preliminary injunction is not warranted because it has "ceas[ed] the advertising conduct at issue," rendering the issue moot. *Id.* at 7. As stated above, these claims are not true, as iRULU's own webpage, irulu.com, still contains the 2600 lumen claims. The following is a screenshot from irulu.com on March 8, 2017 at 11:28 am (Docket No. 28, the Opposition, was filed March 1):



3

*See* also Exs. A, B.[1]  Thus, contrary to iRULU's representation to the Court, the false advertising Epson complains of has not been remedied, and its request for a preliminary injunction to enjoin iRULU from engaging in such illegal conduct is not moot.[2]

Further, iRULU's solution to "remedy" the false statements regarding its projectors' brightness was to remove the lumen ratings from its advertisements altogether, rather than replacing them with correct lumen ratings.  Opp., Ex. 1C.  Rather than clarifying the brightness of its projectors for consumers, iRULU's tactic of removing any reference to the brightness rating serves only to add to consumer confusion.  iRULU has advertised the inflated lumen values of its BL-20 and other of its projectors for over a year.  Despite its efforts to delete the false lumen ratings from the product "specifications" list and/or names of its products, there remain various residual effects of its false advertising.  For example, in Exhibit 1C to its Opposition, iRULU provides a copy of the Amazon.com listing for its "BL20 Video Projector, Home Cinema, 5.0 Inch LCD TFT 1080P HD Display (Black)," which is provided as evidence that it has removed its false 2600 lumen claim from this page.  Opp., Ex. 1C.  However,

---

[1] Epson used the BL-20 as an example, but clearly and repeatedly stated that given the gross misrepresentation of iRULU's BL-20 projector brightness, "iRULU's misrepresentations regarding its projector brightness specifications are not limited to any specific model; rather, iRULU generally misrepresents the lumen outputs of its portable consumer projector offerings, specifically within the 800 to 2600 lumen range (the "Misrepresented Projectors").  ECF No. 1 (Compl. ¶ 29 & Compl. Ex. 2). iRULU has chosen not to respond to these verified claims.  Indeed, many of its other projectors continue to make the false lumen claims.  *See* Exs. A, B.

[2] The cases iRULU cites are not to the contrary.  *See Ferring Pharms., Inc. v. Watson Pharms., Inc*., 765 F.3d 205, 219 (3d Cir. 2014) ("[W]hether a case should be dismissed on mootness grounds is a materially distinct inquiry from a determination as to whether a plaintiff has demonstrated irreparable harm. Whether a defendant's conduct has ceased is certainly a relevant consideration in making the latter determination, and the District Court did not err in considering and crediting Dr. Silverberg's certifications that the allegedly false statements would not be repeated."); *Black & Decker (U.S.) v. Pro-Tech Power*, 26 F. Supp. 2d 834, 863 (E.D. Va. 1998) (concluding that the plaintiff had not proven irreparable harm because the defendant had ceased the false advertising at issue and "[n]othing in the record suggest[ed] that [the defendant] will again begin" making such false statements).

iRULU's exhibit fails to provide the entire Amazon.com webpage. Once again, Epson does not know whether iRULU is purposefully misleading the Court or whether this was another oversight by iRULU, but the exhibit provided to the Court collapsed the "Customer Questions & Answers" section of the page. *Compare* Opp., Ex. 1C. at 4 *with* Ex. A at 23-24. A quick review of the page reveals that iRULU likely collapsed this section of the page because of its prominent display of the 2600 lumen claim that remains:



The same issue arises when a consumer clicks on any Amazon.com listing for a "similar" projector—such as an iRULU competitor's product page. The "Compare to Similar Items" table further down the listing page aggregates the specifications for similar products that customers may want to consider, and iRULU's (prior) false representations as to its products' lumens ratings continue to appear in this section as well:

5



And the same issue occurs with respect to consumer product reviews, many of which specifically reference iRULU's claimed 2600 lumens rating. *See* Ex. C.

These types of residual effects of iRULU's prior false advertising persist to the present day. Whereas iRULU may able to ask Amazon.com to change the content that iRULU provides to Amazon, such as the lumens ratings for the "brightness" specification or the title of a product, iRULU cannot manipulate or edit the content of user-generated sections such as the "Question & Answer" or customer reviews (likely out of concern that to do so would permit sellers to purge any negative comments). iRULU thus continues to violate the Lanham Act despite its decision to remove its projectors' lumen ratings all together, because consumers continue to be misled as

to the projectors' brightness due to the residual references to the previously-advertised false lumen rating.

### b. Corrective Advertising Is Required to Remedy Consumer Confusion.

Given the confusion that this has caused and will continue to cause in the marketplace, not only is an injunction necessary, but some type of corrective advertising is also required to remedy the false information that is still communicated to consumers. *Merck Eprova AG v. Gnosis S.p.A.*, 760 F.3d 247, 264 (2d Cir. 2014) (upholding the district court's order of corrective advertising that required the defendant to publish in a trade magazine and post an explanation on its webpage of the differences between the parties' chemical products used in vitamins and nutritional supplements); *ALPO Petfoods, Inc. v. Ralston Purina Co.*, 913 F.2d 958, 971 (D.C. Cir. 1990) (noting that the district court ordered competing dog food companies to send corrective advertisements to customers that had previously received false advertisements, which was not challenged on appeal). As explained, while iRULU attempted to remove any lumen rating from product titles and products specifications, on many of its projector product listings, residual references to false lumen ratings still remain. Further, due to the length of time that the BL-20 was advertised as having 2600 lumens, a consumer who uses Amazon.com to search for "2600 lumen projector" will find that the iRULU BL-20 is the *first projector listed* in the Amazon search result. *See* Ex. D. This is especially troubling, and part of Epson's irreparable injury section below, because the majority of consumers first turn to Amazon's search function when researching products.[3]

---

[3] Spencer Soper, *More Than 50% of Shoppers Turn First to Amazon in Product Search*, Bloomberg Technology (Sept. 27, 2016), available at: https://www.bloomberg.com/news/articles/2016-09-27/more-than-50-of-shoppers-turn-first-to-amazon-in-product-search (last accessed Mar. 8, 2017).

And the residual effects spill over onto other websites as well. A Google search for "irulu 'BL-20'" generates a list of relevant webpages, and at the very top of the page on the right appears a picture of the iRULU BL-20 projector along with "Product Details" that list a lumens rating of 2600. *See* Ex. E. This means that a consumer who considers purchasing an iRULU projector and wants to know its lumens ratings (which iRULU has attempted to delete from the product listing) would also be directed to the false 2600 lumen value if she conducted a Google search to find the missing lumen value.

Consumers overwhelmingly use Amazon, Google, or both to make informed decisions about the products they purchase. And a consumer who uses these websites to research projectors will continue to be given the impression that the iRULU BL-20 has a brightness of 2600 lumens, even though it has no more than 80 lumens in reality. To remedy this undeniable consumer confusion in the marketplace, some sort of corrective advertising program must be ordered in addition to injunctive relief.

iRULU continues to be in violation of the Lanham Act to date due to its failure to delete all false lumens ratings from its online projector listings. *See* Exs. A, B. In addition, its decision to delete all lumens ratings from its projector listings also continues to mislead consumers due to the residual references to false lumens ratings that remain, which is also a violation of the Lanham Act. *See* Exs. C, D, E. Accordingly, Epson's request that all false statements regarding the brightness of iRULU projectors be removed from the internet is not only ripe for adjudication, but also can only be cured through corrective advertising.

**II.  EPSON IS ENTITLED TO A PRELIMINARY INJUNCTION TO ENJOIN IRULU FROM ADVERTISING LITERALLY FALSE PROJECTOR BRIGHTNESS.**

iRULU argues that Epson has not demonstrated entitlement to injunctive relief. To the contrary, all four preliminary injunction factors weigh heavily in favor of granting Epson the relief it requests herein.

A. <u>Epson is Likely to Succeed on the Merits of Its Claims.</u>

As set forth in Epson's opening brief, iRULU has advertised, and continues to advertise its projectors as having inflated lumen values. As an example, iRULU advertises its best-selling BL-20 projector as having "2600 ANSI lumens." Ex. A. In its opening brief, Epson set forth evidence that iRULU's lumen claims were literally false as to all of its projectors given the projectors' optical architecture. Specific to the BL-20, Epson put forth an expert opinion that it was, at best, 80 lumens. In response, iRULU has not set forth any evidence of what it believes the true lumen value of any of its projectors to be. Instead, it edited (or at least attempted to edit) its online webpages for the BL-20 so that no lumen value was provided. iRULU's failure to affirmatively state what it believes the true lumen value of its projectors to be alone demonstrates that Epson is likely to succeed on its claims.

The closest iRULU comes to affirmatively stating what it believes to be the true lumen value is by attaching two "test reports" to its Opposition. Opp. at 7 & Exs. 1A-1B. As an initial matter, neither of these test reports states that the BL-20 has a 2600 lumen rating: the first concludes that the "OLEYBL-20" has a luminous flux of 3715.568, and the second concludes that the "YUN-PJ020-V4.0" has a luminous flux of 3869.01 lumens. *See* Opp. Ex. 1A, at 6; Ex. 1B, at 6. However, iRULU is careful not to say that these rating are accurate and iRULU did not change its online listings to these higher values. Instead, iRULU uses these tests to show that

"iRULU had a factual basis for [its claim of 2600 lumens]." Opp. at 3. However, the inquiry is not whether iRULU had a factual basis for its claim of 2600 lumens or even whether iRULU had a good faith basis for the claim. Instead, the inquiry is simply whether the claim of 2600 lumens is true or false. Epson has set forth evidence that the claim is literally false. iRULU has put forth two "reports," but neither helps its argument as neither report concludes that the lumen value is 2600.[4] In short, there is no evidence in front of this Court stating that the lumen value is 2600 lumens. The absence of such evidence alone demonstrates that Epson is likely to succeed on its allegation that iRULU's lumen claims are literally false.

Further buttressing this result are the obvious shortcomings of both reports. Even assuming that the "OLEYBL-20" is an identical product to the iRULU BL-20 (and has not been altered in any material way), there is no indication as to what test was performed or how it was performed. Opp., Ex. 1A. The test report on the "YUN-PJ020-V4.0" is devoid of details regarding the type of projector, the type of test, or how the test was performed. Opp., Ex. 1B. This is important, as iRULU specifically mentions a testing protocol on its webpage and represents that the BL-20 has "2600 **ANSI**[5] lumens." Ex. A. However, neither of these test reports indicates whether testing was performed according to ANSI or any other recognized

---

[4] iRULU appears to argue that because the reports had lumen values of approximately 3700 and 3800, that its claim of 2600 is factually accurate. However, its claim is not that the projectors are "at least" 2600 lumens; it instead provides customers with a specific lumen value. Furthermore, iRULU did not provide the Court with any rationale or explanation as to why it chose to advertise the lumens at 2600 when it had reports stating the values to be far more.

[5] ANSI, or the American National Standards Institute, "oversees the creation, promulgation and use of thousands of norms and guidelines that directly impact businesses in nearly every sector[.]" *See* ANSI Website, "About ANSI" page, available at: https://www.ansi.org/about_ansi/overview/overview?menuid=1 (last accessed Mar. 2, 2017). Thus, a claim that a given projector has a brightness of "2600 ANSI lumens" requires that the manufacturer have test results not only supporting the numeric lumens rating, but also certifying that the lab tested the projector according to ANSI standards. Clearly, neither of the test reports iRULU has submitted in connection with this litigation substantiate iRULU's claim that the projector has "2600 ANSI lumens."

international or national standards. Given the absolute lack of detail, both test reports are suspect by even the lowest standards. Indeed, upon obtaining them, the president and founder of iRULU chose, without explanation, to advertise a brightness specification that was 1100 lumens less than these reports allegedly would support, and upon being served with this lawsuit, proceeded to immediately remove all references to the BL-20's lumens ratings rather than list the values found in these reports. Opp., Ex. 1 (Declaration of Jianwien Li), at ¶ 13. His lack of confidence in these test results speaks volumes.

Finally, should the Court order oral argument in this case, Epson plans to bring an iRULU BL-20 projector into the courtroom so that it can be compared to a projector with a true 2600 lumen rating. To the extent that "seeing is believing," there will be no remaining doubt that iRULU's statements as to the BL-20's lumens rating are false. Epson will easily prevail on its claim that iRULU falsely represented the lumens rating of its projectors.

### B. Epson Has Demonstrated Irreparable Harm.

iRULU's argument that Epson cannot demonstrate irreparable harm largely relies on its contention that Epson's claims are now moot, due to its removal of some of the false advertising described in the Complaint. Opp. at 6-7. For the reasons explained *supra* Part I, Epson's claim for false advertising is not moot, as Epson is and will continue to be harmed by iRULU's false statements absent injunctive relief.

Next, iRULU attempts to ignore binding Fourth Circuit case law to suggest that Epson has not demonstrated irreparable harm. Opp. at 8-9. iRULU cites cases from the Second and Third Circuits and argues that where a plaintiff can obtain some form of monetary damages, it is not entitled to a preliminary injunction. *Id*. at 8. In the Fourth Circuit, however, the law is clear that "the mere fact that a plaintiff may recover damages does not negate his right to injunctive

11

relief." *PBM Prods., LLC v. Mead Johnson & Co*., 639 F.3d 111, 127 (4th Cir. 2011) (citing *Lyons P'ship, LP v. Morris Costumes, Inc*., 243 F.3d 789, 801 (4th Cir. 2001)). In fact, as explained in Epson's opening brief, *PBM Products* perfectly supports its position that iRULU's false advertising has caused Epson irreparable harm:

> [T]he most difficult element to demonstrate when seeking an injunction against false advertising is the likelihood that one will suffer irreparable harm if the injunction does not issue. It is virtually impossible to prove that so much of one's sales will be lost or that one's goodwill will be damaged as a direct result of a competitor's advertisement. Too many market variables enter into the advertising-sales equation. Because of these impediments, a Lanham Act plaintiff who can prove actual lost sales may obtain an injunction even if most of his sales decline is attributable to factors other than the competitor's false advertising. In fact, he need not even point to an actual loss or diversion of sales.

*Id.* at 126-27 (quoting *Coca-Cola Co. v. Tropicana Prods., Inc*., 690 F.2d 321, 316 (2d Cir. 1982) (internal citations omitted). That is exactly what Epson has alleged here, as supported by the affidavit of its Director of Projector Product Management, Richard Miller. ECF No. 9-2 ¶¶ 16-18.[6] Miller also explained that consumers make decisions about the projectors they will purchase largely based on lumens ratings. *Id.* ¶ 7 ("The number of lumens a projector has is one of the most important and immediately recognizable features for consumers, who use this metric to compare the brightness of one projector versus another."). Epson repeatedly alleged that the reason for its loss of projector sales was that iRULU misrepresented the lumens ratings of its projectors, which caused consumers to choose iRULU projectors over Epson projectors. Indeed,

---

[6] Nor did *PBM Products* turn on the fact that the defendant's false statements were made about the plaintiff, as iRULU suggests. Rather, the false statements in that case touted the defendant's infant formula as being superior to "store brand" formulas generally, of which the plaintiff's product happened to be one. *Id*. at 117. And, the fact that the false statements involved such a comparison played no role in the Fourth Circuit's decision to uphold the district court's finding that PBM Products would be irreparably harmed absent injunctive relief. *Id*. at 126-27.

12

the following two customer reviews (posted after Epson's Complaint and motion for preliminary injunction were filed) confirm that iRULU's false statements had a direct impact on Epson consumers:



*See* Ex. F, at 2.  This evidence of a diversion of sales and a lost opportunity to build brand loyalty is far more than is required under binding Fourth Circuit precedent for a showing of irreparable injury.  *PBM Prods.*, 639 F.3d at 127 ("[A] Lanham Act plaintiff . . . need not even point to an actual loss or diversion of sales" to demonstrate irreparable harm) (citations omitted).

Lastly, as mentioned earlier, iRULU's false advertising for the past year impacts search results of consumers looking for products.  There is evidence that more than 50% of customers use Amazon's search function to research products when making a purchasing decision. [7]  Due to iRULU's false advertising, a consumer that conducts an Amazon search for a "2600 lumen projector" will find that the iRULU BL-20 is the *first projector listed* in the Amazon search result.  *See* Ex. D.  Thus, iRULU obtains an artificially high search result ranking and Epson, consequently, an artificially lower ranking as a result of iRULU's false advertising.  As a result

---

[7] Soper, *More Than 50% of Shoppers Turn First to Amazon in Product Search*, Bloomberg Technology.

of all of the above, Epson has proven that it has been and will continue to be irreparably harmed by iRULU's false advertising, and an injunction is required to minimize the damage that this false advertising has caused.

### C. The Balance of Equities Weighs in Favor of Granting Epson Equitable Relief.

iRULU's only argument that the balance of the equities does not favor Epson[8] is that because "[t]he harm that Epson complains of is addressable, if warranted, through monetary damages, and therefore, is not 'irreparable' in terms of warranting injunctive relief . . . the balancing of the equities is not in Epson's favor[.]" Opp. at 15. As explained previously, that is not the law in the Fourth Circuit, where an injunction may be appropriate despite the availability of monetary damages. *PBM Prods.*, 639 F.3d at 127. Where, as here, iRULU "simply has no equitable interest in perpetuating the false and misleading claims" regarding its projector brightness, and Epson "cannot fairly compete with [it] unless and until [iRULU] stops infecting the marketplace with misleading advertising," the balance of the equities weighs in favor of granting Epson injunctive relief. *See id.*

### D. Granting Epson an Injunction Is in The Public Interest.

iRULU's claim that "the public interest does not necessarily favor Epson's position" is wrong, and is based on two false premises: (1) that iRULU's test reports substantiate its claim that its BL-20 projectors have a light output of 2600 lumens, and (2) that it has removed all lumens ratings from its advertising. Opp. at 15-16. As previously explained, iRULU's test results do not support its claimed lumens ratings. *See supra* Part II.A. Further, iRULU has not removed all false statements regarding its projectors' brightness, and its decision to remove the

---

[8] iRULU does not advance a single argument suggesting that the balance of the equities should tip in its favor, because it cannot. It argues only that this factor should not weigh in favor of Epson (which it should).

lumens rating entirely from its advertisements, rather than replacing it with an accurate lumens rating, only serves to further confuse consumers, who still see references to "2600 lumens" and "2600 ANSI lumens" all over iRULU listings.  *See supra* Part I.

On the other hand, "preventing false or misleading advertising is in the public interest in general."  *PBM Prods*., 639 F. 3d at 127 (citations omitted); *Scotts Co. v. United Indust.*, 315 F.3d 264, 286 (4th Cir. 2002) (same); *Choice Hotels Int'l, Inc. v. Zeal, LLC, No*. 13-1961, 2015 WL 5781507, at *13 (D.S.C. Sept. 29, 2015) (same).  The plethora of consumer reviews attached as Exhibit 1 to Epson's Complaint prove that iRULU's false statements have led consumers to believe that they can purchase a projector with a certain brightness rating for a fraction of the cost of a competing projector, only to be severely disappointed when they discover that lumens claim to be completely false.  Protecting these consumers is unquestionably in the public interest; accordingly, this final factor also weighs in favor of granting Epson injunctive relief.

## CONCLUSION

For the foregoing reasons, Epson respectfully requests that its motion for a preliminary injunction be granted.  Specifically, Epson requests a preliminary injunction that (1) prohibits iRULU from engaging in further false or misleading advertising with respect to its products' lumen capacities; (2) ordering removal of all Amazon and other webpages selling iRULU projectors until such a time as iRULU can substantiate its new proposed lumen claims through appropriate testing; and (3) ordering iRULU to send corrective notice to its retailers and customers disclosing that it made literally false claims regarding its products' lumen capacity; and (4) any other relief this Court finds just and equitable.

15

Charleston, South Carolina　　　　　　　　Respectfully submitted,
Dated:  March 8, 2017

　　　　　　　　　　　　　　　　　　　/s/ *Jeffrey Patterson*
　　　　　　　　　　　　　　　　　　　Jeffrey Patterson (Federal ID# 9414)
　　　　　　　　　　　　　　　　　　　E-Mail:  jeffrey.patterson@klgates.com
　　　　　　　　　　　　　　　　　　　Morgan T. Nickerson
　　　　　　　　　　　　　　　　　　　E-Mail:  morgan.nickerson@klgates.com
　　　　　　　　　　　　　　　　　　　K&L GATES LLP
　　　　　　　　　　　　　　　　　　　State Street Financial Center
　　　　　　　　　　　　　　　　　　　One Lincoln Street
　　　　　　　　　　　　　　　　　　　Boston, MA 02111
　　　　　　　　　　　　　　　　　　　Telephone:  617.261.3100
　　　　　　　　　　　　　　　　　　　Facsimile:  617.261.3175

　　　　　　　　　　　　　　　　　　　ATTORNEYS FOR PLAINTIFF EPSON
　　　　　　　　　　　　　　　　　　　AMERICA, INC.

## **CERTIFICATE OF SERVICE**

　　　I, the undersigned, certify that on March 8, 2017, this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

　　　　　　　　　　　　　　　　　　　*/s/ Morgan T. Nickerson*
　　　　　　　　　　　　　　　　　　　Morgan T. Nickerson