IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| Epson America, Inc., | CA No. 0:17-cv-00129-CMC |
|---|---|
| Plaintiff, | |
| v. | Opinion and Order Granting Motion for Preliminary Injunction |
| USA111, Inc., d/b/a iRULU, | |
| Defendant. | |

On January 17, 2017, Plaintiff Epson America, Inc. ("Epson") filed a Complaint alleging Defendant USA111, Inc., d/b/a iRULU ("iRULU") made false statements in advertising its consumer projectors, specifically a model called the BL20. Epson seeks, inter alia, injunctive relief restraining iRULU from engaging in false advertising and ordering removal of false advertisements from iRULU's projector product listings. Entry No. 1, Compl. ¶ 44. The central allegation is iRULU's claimed lumen rating is vastly overstated in advertisements and has resulted in injury to Epson. *Id.* at ¶¶ 27-28, 35.

On January 19, 2017, Epson filed a motion for preliminary injunction asking the court to enjoin iRULU from engaging in further false advertising regarding its products' lumen rating, order removal of all infringing iRULU products from Amazon.com ("Amazon") and other websites until iRULU can substantiate any new proposed lumen claims through appropriate testing, and order iRULU to send corrective notices to retailers and customers disclosing the prior false claims regarding the projectors' lumen output. ECF No. 9. For the reasons stated below, the motion for preliminary injunctive relief is granted as to some but not all of the relief requested.

## BACKGROUND

It is undisputed Epson and iRULU both sell portable consumer projectors online through websites such as Amazon.[1] Quality and price for such projectors are largely determined based on the resolution and brightness of the projector. ECF No. 9-2 ¶ 5. Projector brightness is measured and described in lumens, and lumen ratings are often listed in the projector's description or specifications on sites such as Amazon. *Id.* at ¶ 6-8. Some product listings include lumen ratings in the product name itself. *Id.* at ¶ 8. Such ratings are an important piece of information used by consumers when selecting a projector appropriate for their needs. *Id.* at ¶ 7.

Many online marketplaces, such as Amazon, identify best-selling products with a "best seller" or similar label. *Id.* at ¶ 10. These products are often at the top of the results when consumers run searches, which can influence customer selection. Compl. ¶ 36.

iRULU sells approximately 30 different models of projector with advertised lumen ratings between 800 to 2800 lumens. ECF No. 28-2 ¶ 4; ECF No. 1-3. One such projector is the BL20, advertised on Amazon and other online retailers as having 2600 lumens. Compl. ¶ 21, Answer ¶ 21. The BL20 was designated as an Amazon "Best Seller" in the Fall of 2016, although it currently does not hold that designation. ECF No. 28-2, ¶ 18.

Epson manufactures and sells many electronic devices, including projectors which fall into the same category as the BL20. ECF No. 9-2 ¶ 3. In July of 2016, Epson commissioned an

---

[1] Epson sells products other than portable consumer projectors, and offers its products in brick and mortar stores as well. However, these differences are not relevant to the motion at hand.

independent technology consulting company to test the brightness of iRULU's BL20 projector. ECF No. 9-3 ¶ 6. The results showed each projector tested had lumen output of approximately 80 lumens instead of the 2600 advertised. *Id.* at ¶¶ 7, 10-14.

Epson filed suit in this court on January 17, 2017, seeking injunctive relief and damages against iRULU. ECF No. 1. Epson requested iRULU be enjoined from falsely advertising its projectors' lumen ratings, and the court order iRULU to remove all false advertisements of the BL20 and all misrepresented iRULU products. *Id.* at ¶ 44. On January 19, 2017, Epson filed a motion for preliminary injunction pursuant to Federal Rule of Civil Procedure 65.[2] ECF No. 9. iRULU filed a response in opposition on March 1, 2017. ECF No. 28. Epson filed its reply on March 8, 2017. ECF No. 30. The parties declined an evidentiary hearing after agreeing the issues before the court consist of legal claims and inferences to be drawn from the facts submitted in their respective briefs.

**STANDARD**

A preliminary injunction is "an extraordinary remedy . . . which is to be applied only in [the] limited circumstances which clearly demand it." *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 811 (4th Cir. 1991) (internal quotation marks omitted) (citation omitted).

---

[2] Epson also seeks injunctive relief under S.C. Code § 39-5-50. However, that section refers to injunctive relief for misappropriation of trade secrets, which is not alleged in the Complaint. Epson did allege a violation of the South Carolina Unfair Trade Practices Act ("SCUPTA"), § 39-5-10, et seq. While SCUPTA provides a private right of action for damages, the injunctive portion of the statute, § 39-5-50, is limited to actions brought by the Attorney General. It is not necessary for the court to rely on the South Carolina statute for the relief requested in this motion.

The traditional purpose of a preliminary injunction is to "protect the status quo and to prevent irreparable harm during the pendency of a lawsuit ultimately to preserve the court's ability to render a meaningful judgment on the merits." *In re Microsoft Corp. Antitrust Litig.*, 333 F.3d 517, 525 (4th Cir. 2003). To qualify for injunctive relief, a plaintiff must show (1) likelihood it will succeed on the merits; (2) likelihood it will suffer irreparable harm in the absence of a preliminary injunction; (3) the balance of equities tips in its favor; and (4) the injunction is in the public interest. *Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008); *Real Truth About Obama v. FEC*, 575 F.3d 342, 346 (4th Cir. 2009), vacated on other grounds, 559 U.S. 1089 (2010).

The *Winter-Real Truth* standard requires the party seeking the injunction to make a "clear showing" it is likely to succeed on the merits. *Real Truth*, 575 F.3d at 345; *see also Winter*, 555 U.S. at 22. This standard compels the moving party to show it is likely to prevail. Regardless of the balance of hardships, it is insufficient for the party to show only "grave or serious questions are presented" in the litigation. *Compare Real Truth*, 575 F.3d at 346 *with Blackwelder Furniture Co. of Statesville v. Seilig Mfg. Co.*, 550 F.2d 189, 196 (4th Cir. 1977).

Second, the moving party must make a clear showing it is likely to be irreparably harmed if preliminary relief is denied. To meet this test, the party must show more than a mere possibility of harm. *Winter*, 555 U.S. at 21. Third, the moving party must show the balance of equities tips in its favor. *Id.* at 21, 26. Fourth, the court must consider whether grant or denial of the injunction is in the public interest. The court must give "particular regard" to the public consequences of granting a preliminary injunction. *Id.* at 24; *Real Truth*, 575 F.3d at 347. The Fourth Circuit no

longer recognizes a "flexible interplay" among these criteria. Instead, each requirement must be fulfilled as articulated. *Real Truth*, 575 F.3d at 347 (quoting *Blackwelder*, 550 F.2d at 196).

## DISCUSSION

1. <u>Likelihood of Success on the Merits</u>

Epson alleges iRULU violated the Lanham Act, 15 U.S.C. § 1051, et seq., by falsely advertising the lumen output of its projectors, specifically the BL20. The Lanham Act creates a private right of action for corporate victims of "false or misleading" descriptions or representations. 15 U.S.C. § 1125(a). Section 1125(a)(1)(B) of the Lanham Act provides:

> Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which
> \*\*\*
> (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities, shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

§ 1125(a)(1)(B). A plaintiff asserting a false advertising claim under the Lanham Act must establish:

> (1) the defendant made a false or misleading description of fact or representation of fact in a commercial advertisement about his own or another's product; (2) the misrepresentation is material, in that it is likely to influence the purchasing decision; (3) the misrepresentation actually deceives or has the tendency to deceive a substantial segment of its audience; (4) the defendant placed the false or misleading statement in interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result of the misrepresentation, either by direct diversion of sales or by a lessening of goodwill associated with its products.

5

*Design Res., Inc. v. Leather Indus. of Am.*, 789 F.3d 495, 501 (4th Cir. 2015) (quoting *PMB Prods., Inc. v. Mead Johnson & Co.*, 639 F.3d 111, 120 (4th Cir. 2011)). To establish liability under the false advertising provisions of the Lanham Act, "the contested statement or representation must be either false on its face or, although literally true, likely to mislead and to confuse consumers given the merchandising context." *C.B. Fleet Co. v. SmithKline Beecham Consumer Healthcare, L.P.*, 131 F.3d 430, 434 (4th Cir. 1997).

### i. *False or Misleading Description of Fact*

The contested lumen advertisements at issue here are false on their face. iRULU proffers evidence supporting an inference it had a factual basis for its representation the BL20 had "luminous flux of more than 2600 lumens." ECF No. 28 at 12. iRULU depends on test reports from Chinese labs showing a "luminous flux" of "3714.568 lm" on one test (ECF No. 28-3 at 6) and "3869.0 lm" on the other (ECF No. 28-4 at 6).[3] It does not, however, proffer evidence or argue these tests accurately report a lumen output of 2600 for the BL20.[4] iRULU has ceased advertising its BL20 projector as having 2600 lumens, at least on some websites, but has not provided a lumen rating for this projector. In contrast, Epson offers an affidavit from a consultant at an American

---

[3] The reports are proffered without any supporting affidavit by a representative of the testing company or indicia of validity. ECF No. 28-3, 28-4. They are, moreover, offered only to show reasonableness of iRULU's original belief. ECF No. 28 at 3 ("[A]s set forth in the two independent test reports . . . iRULU had a factual basis for this representation."); ECF No. 28-2 ¶ 13 ("Based on the Test Reports of Shezhen Anbotek and Gold Metal, I thought that the iRULU was safely able to represent in its online listings that the BL-20 was at least a 2600-lumen projector.").

[4] No testing shows 2600 lumens; the Chinese tests in fact show more. However, that does not mean the 2600 lumen designation is not false.

6

independent testing laboratory who measured the lumen output to be much lower, around 80 lumens. ECF No. 9-3, ¶¶ 10, 14.

In sum, Epson has provided evidence the challenged advertising significantly overstates the BL20's lumen output. iRULU offers only evidence of the reasonableness of its prior belief, not of the true lumen rating of the BL20. A factual basis for the advertisement is not what is required by the Lanham Act – actual truth is required. Therefore, Epson has demonstrated falsity in iRULU's advertisements.

### ii. *Material Misrepresentation*

Brightness is one characteristic customers rely on in determining what projector may best fit their needs. Projectors are often listed and compared on commercial websites by their lumen output. Therefore, statements about lumen output are "likely to influence the purchasing decision" and are material. *See Design Res.,* 789 F.3d at 501.

### iii. *Actually Deceives or has Tendency to Deceive*

It follows that a false representation the BL20 has a 2600 lumen output actually deceives buyers who purchase a BL20 projector. iRULU does not dispute that a false lumen rating would deceive buyers. As the court has determined the representation to be false, it is one that actually deceives or has a tendency to deceive buyers.

### iv. *Interstate Commerce*

iRULU placed its advertisements for the BL20 projector on internet websites such as Amazon, eBay.com, Newegg.com, and irulu.com. Consumers from every state in the United States are able to purchase its projectors on any of those websites. Therefore, because the internet

is an "instrumentality of interstate commerce," false advertisements on such sites are in interstate commerce. *Verisign, Inc. v. XYZ.com, LLC*, No. 1:14-cv-01749, 2015 WL 7430016, at *4 (E.D. Va. Nov. 20, 2015); *AvePoint, Inc. v. Power Tools, Inc.*, 981 F. Supp. 2d 496, 512 (W.D. Va. 2013); *see also Bros. of Wheel M.C. Executive Council, Inc. v. Mollohan*, 909 F. Supp. 2d 506, 538 (S.D.W.Va. 2012) ("The defendant's internet activity is a use in commerce"), aff'd 609 F. App'x 149 (4th Cir. 2015).

### *v. Injury*

The Fourth Circuit has "made clear that the indispensable fifth element of a Lanham Act claim is that the plaintiff has been or is likely to be injured as a result of the [alleged] misrepresentation, either by direct diversion of sales or by a lessening of goodwill associated with its product." *Verisign, Inc. v. XYZ.COM LLC*, 848 F.3d 292, 300 (4th Cir. 2017). Epson has shown injury due to loss of sales and market share. ECF No. 9-2 ¶¶ 16-18 (noting iRULU's market share as 24% since it entered the market, and Epson's loss in sales estimated at approximately $16 million). As discussed more fully in the section below on Irreparable Harm, Epson has met its burden as to this element of the Lanham Act.

Having shown a likelihood of success on the merits on its Lanham Act claim, Epson has satisfied the first prong for a preliminary injunction.

2. Irreparable Harm

Epson argues it has suffered irreparable harm in the form of lost sales and lost customers as a result of iRULU's false advertisement of a projector with 2600 lumens for a lower price than Epson's 2600 lumen projector. iRULU argues an injunction is not necessary because it has

8

removed the offending advertisements, thus eliminating the risk of future harm. However, in response, Epson has demonstrated iRULU's claims of 2600 lumens are still present on some websites, including iRULU's own website, after iRULU represented to the court the claims had been removed. *See* ECF No. 30-2. Even where removed from product specifications, the BL20 comes up when searching for "2600 lumen projector," apparently as a result of prior advertisements or customer comments. ECF No. 30-6. Therefore, iRULU's arguments of mootness or lack of irreparable injury based on removal of the false advertising fail.

iRULU also argues Epson's loss of projector sales can be compensated by money damages if proven at trial, and therefore an injunction is not appropriate. However, the Fourth Circuit standard clearly allows injunctive relief even if money damages are available, if a remedy at law is inadequate. *PBM Prods.,* 639 F.3d at 127 ("[T]he mere fact that a plaintiff may recover damages does not negate his right to injunctive relief."). Although irreparable harm may be difficult to prove, "a Lanham Act plaintiff who can prove actual lost sales may obtain an injunction even if most of his sales decline is attributable to factors other than the competitor's false advertising." *Id.* at 126-27.

In this case, Epson has shown its sales of consumer projectors have declined since iRULU began selling its BL20 projectors on sites such as Amazon. ECF No. 9-1 at 16; ECF No. 9-2 ¶¶ 16-18. iRULU questions the extent of the correlation between its sales and Epson's monetary loss, but fails to persuade the court it is not responsible for at least part of Epson's decline in sales. Further, money damages would not prevent iRULU from "infecting the marketplace with the same

9

or similar claims in different advertisements in the future." *PBM Prods.*, 639 F.3d at 127. Therefore, Epson is able to show irreparable harm.

3. Balance of Equities

The court finds the balance of equities weighs in Epson's favor. iRULU "simply has no equitable interest in perpetuating the false and misleading claims" in its advertisements.[5] *PBM Prods.*, 639 F.3d at 127. In contrast, Epson has an equitable interest in a fair and level playing field regarding specifications for consumer projectors. Epson is unable to compete fairly when iRULU is misleading customers with false lumen claims. *See id.* The balance of equities favors Epson.

4. Public Interest

Finally, there is a strong public interest in preventing false or misleading advertisements. *PBM Prods.*, 639 F.3d at 127. Although iRULU contends it has removed the false claims of 2600 lumens, some still exist. Further, iRULU has failed to replace its 2600 lumen claim with an accurate lumen rating. Therefore, confusion likely continues as to the lumen capacity of the BL20 projector and how it compares to other consumer projectors. The public interest is served by advertisements that accurately reflect the product offered for sale. This factor also favors granting an injunction.

---

[5] iRULU's only argument as to balance of equities is that Epson can be compensated through money damages, and therefore the balance of equities does not tip in Epson's favor. The court, having found irreparable harm, finds this claim unpersuasive.

**RELIEF**

Epson asks this court to enter an injunction ordering that iRULU:

1) Immediately cease and desist from engaging in further false or misleading advertising with respect to its products' lumen capacities; [6]
2) Immediately recall all iRULU products that contain unsubstantiated lumens ratings from Amazon and other webpages until such a time as iRULU can substantiate its new proposed lumen claims through appropriate testing; and
3) Immediately send corrective notice to all its retailers and customers disclosing that it made literally false claims regarding its products' lumen capacity.

ECF No. 9. While the court finds a preliminary injunction to be appropriate, not all relief requested is warranted at this time. At this stage, requiring iRULU to cease false advertisements of inflated lumen ratings, along with providing a lumen rating of either "undetermined" or Epson's independent test result of 80 lumens on all advertising is required. However, the court will not require corrective notices to be sent to consumers at this time.

**CONCLUSION**

All four requirements for a preliminary injunction are met by Epson. The court, therefore, grants Epson's motion for a preliminary injunction against iRULU as to some, but not all, of the relief requested.

---

[6] Epson appears to argue the lumen ratings of other iRULU projectors may not be accurate. However, the only evidence presented to the court relates to the BL20 projector; therefore, the court's ruling is limited to that model projector.

11

It is hereby **ORDERED**:

Defendant USA111, d/b/a iRULU, is enjoined from advertising its BL20 projector as having 2600 lumens. iRULU, in all existing and new advertisements, may not merely remove the lumen rating altogether. iRULU must list the lumen rating as "undetermined lumens," or list Epson's testing result of 80 lumens for the BL20. iRULU's online advertisements for the BL20 projector shall be revised as set forth herein within fourteen (14) days of entry of this order.

In addition to amending its advertisements, iRULU may also arrange for court-approved testing of its BL20 projectors by an independent laboratory in the United States. If iRULU chooses further testing, it must submit a proposal regarding the laboratory at which the testing will take place along with testing procedures for the court's approval within twenty-one (21) days of the entry of this order. Once court-approved testing reveals a validated lumen rating, iRULU may petition the court to utilize that rating in its advertisements on an ongoing basis.

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie  
CAMERON MCGOWAN CURRIE  
Senior United States District Judge

Columbia, South Carolina  
April 26, 2017